T.C. Summary Opinion 2005-49


UNITED STATES TAX COURT


MONTRE SOMSUKCHAREAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19358-03S.                    Filed April 19, 2005.


Montre Somsukcharean, pro se.

<u>Mindy S. Meigs</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2002 a deficiency in petitioner's Federal income tax of $5,175.

The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to the earned income credit; and (3) whether petitioner is entitled to the child tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Paramount, California.

Petitioner timely filed his electronic Form 1040, U.S. Individual Income Tax Return, for 2002 reporting income of $18,245. Petitioner claimed dependency exemption deductions for himself and for his sisters, K.A. and A.A.[1] Petitioner's mother, Ms. Norma J. Taylor (Ms. Taylor), is also the mother of the girls.

During 2002, petitioner lived with Ms. Taylor and paid her $300 per month for his rent. His car payment was $280 monthly, his car insurance was $80 per month, and he had credit card payments of $20 to $35 per month.

_____

[1]The Court uses only the minor children's initials.

Petitioner did not take his sisters to school on a daily basis, help them with their homework or take them to the doctor. Ms. Taylor was the primary caregiver for the girls.

During 2002, Ms. Taylor received public assistance payments for the girls of approximately $750 per month from the State of California. Ms. Taylor provided respondent with a written statement that petitioner regularly contributed money to the household and that he was the only adult in the household who was employed.

Respondent issued a notice of deficiency determining that petitioner is not entitled to claim dependency exemption deductions for his sisters, or any of the credits applicable to the children for 2002 because he failed to substantiate his claims.

## Discussion

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 7491 does not apply because petitioner has failed to substantiate his deductions.

1.  Dependency Exemption Deductions

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152. As relevant here, section 152(a) defines a dependent to include a sister of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

To qualify for a dependency exemption deduction, a taxpayer must establish the total support cost expended on behalf of a claimed dependent from all sources for the year and demonstrate that he provided over half of this amount. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence. Blanco v. Commissioner, supra at 514; sec. 1.152-1(a)(1), Income Tax Regs. The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources. Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner has provided no documentary evidence regarding any amounts he may have expended to care for the girls. Petitioner has failed to prove that he provided over one-half their support. The Court sustains respondent's determination that petitioner is not entitled to dependency exemption deductions for them in 2002.

2. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. The credit is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Section 32(a)(2) and (b) limits the credit allowed based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

Petitioner claimed an earned income credit based on his sisters qualifying children. As relevant herein, section 32(c)(3)(B) defines a "qualifying child" as a sister of the taxpayer who the taxpayer cares for as the taxpayer's own child, who has the same principal place of abode as the taxpayer for more than one-half of the taxable year, and who meets certain age requirements.

The record demonstrates that Ms. Taylor was the primary caregiver for the girls. The Court finds that petitioner did not care for the children as if they were his own children, and,

therefore, petitioner is not entitled to claim earned income credits for them.  In any event, if petitioner were eligible for an earned income credit for the children, his earned income exceeds the phaseout amount of $11,610.

3.  <u>Child Tax Credit</u>

For taxable year 2002, taxpayers are allowed to claim a tax credit of $600 for each qualifying child.  Sec. 24(a).  The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child.  If one of the qualifications is not met, the claimed child tax credit must be disallowed.  The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151.  Sec. 24(c)(1)(A).

As stated <u>supra</u>, the Court has sustained respondent's determination that petitioner is not entitled to dependency exemption deductions for the children.  Thus, petitioner fails the first prong of the test of section 24.  The Court sustains respondent's determination regarding the section 24 child tax credits.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.